UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ERICK CLARK,<br><br>               Petitioner,<br><br>    v.<br><br>BILL MAHONEY,<br><br>               Respondent. | Case No.  C08-5291 FDB/KLS<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

      Petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636 (b) (1) and Local MJR 3 and 4.

      Petitioner purports to file a writ of habeas corpus, but the court's preliminary review of the documents filed by Petitioner reveals that Petitioner is not in custody.  The records appended to Petitioner's filing reflect that he was last held in March of 2008.  (Dkt. # 1, Exh. 4, pp. 7-8). Petitioner's mailing address is in care of the Postmaster General in Chehalis, Washington. (Dkt. # 1, p. 15).

      The rules governing a petition for writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254 apply to persons *in custody* in violation of the Constitution pursuant to a

ORDER
Page - 1

judgment of a state court. 28 U.S.C. § 2254. "[T]he essence of habeas corpus is an attack by a person *in custody* upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

If Petitioner is currently in custody under a state-court judgment, 28 U.S.C. § 2243 requires that writs are to be directed "to the person having custody of the person detained." The proper respondent in a federal habeas corpus petition is the petitioner's "immediate custodian." *Demjanjuk v. Meese*, 784 F.2d 1114, 1115 (D.C.Cir. 1986). A custodian "is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner." *Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir. 1986). Therefore, Petitioner's custodian for purposes of his habeas corpus petition challenging the execution of his Washington state sentence, is the warden of the prison where he is currently confined. *See, e.g.*, *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

Petitioner has also failed to follow the form prescribed by the local rules of this court in specifying all the grounds for relief available to him, in setting forth the facts supporting each ground, and in stating the relief requested.

Accordingly, it is **ORDERED:**

(1) Petitioner must show cause why his petition should not be dismissed. To do so, Petitioner must filed an Amended Petition. To aid Petitioner, the Court Clerk is directed to send Petitioner a form 2254 petition. Petitioner must state whether he is in custody and name the warden of the prison where he is currently confined. Petitioner must substantially follow the form in specifying the grounds for relief available to him, stating the facts supporting each ground, and stating the relief requested. Petitioner must file his Amended Petition on or before **June 27, 2008**. If Petitioner fails to file an Amended Petition by **June 27, 2008** or the court determines that the Amended Petition cannot go forward, the court will enter a report and recommendation that the petition be dismissed.

(2) The Court Clerk is directed to send a copy of this Order to Petitioner.

DATED this  2nd   day of June, 2008.

Karen L. Strombom
United States Magistrate Judge