UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ERICK CLARK,

    Petitioner,

v.

BILL MAHONEY,

    Respondent.

Case No.C08-5291 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: October 10, 2008**

On May 7, 2008, John Erick Clark purported to file a writ of habeas corpus, but the Court's preliminary review of the documents filed by Mr. Clark revealed that he is not in custody. The records appended to his filing reflect that he was last held in March of 2008. (Dkt. # 1, Exh. 4, pp. 7-8). Mr. Clark listed his mailing address as "in care of the Postmaster General" in Chehalis, Washington. (Dkt. # 1, p. 15).

The rules governing a petition for writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254 apply to persons *in custody* in violation of the Constitution pursuant to a judgment of a state court. 28 U.S.C. § 2254. "[T]he essence of habeas corpus is an attack by a person *in custody* upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). If Petitioner

REPORT & RECOMMENDATION - 1

is currently in custody under a state-court judgment, 28 U.S.C. § 2243 requires that writs are to be directed "to the person having custody of the person detained." The proper respondent in a federal habeas corpus petition is the petitioner's "immediate custodian." *Demjanjuk v. Meese*, 784 F.2d 1114, 1115 (D.C.Cir. 1986). A custodian "is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner." *Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir. 1986). Therefore, Petitioner's custodian for purposes of his habeas corpus petition challenging the execution of his Washington state sentence, is the warden of the prison where he is currently confined. *See, e.g.*, *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Petitioner also failed to follow the form prescribed by the local rules of this court in specifying all the grounds for relief available to him, in setting forth the facts supporting each ground, and in stating the relief requested.

The Court ordered Mr. Clark to show cause on or before June 27, 2008 by filing an Amended Petition, stating whether he is in custody and naming the warden of the prison where he is currently confined. (Dkt. # 6). Mr. Clark was also advised that he should substantially follow the form 2254 petition and specify the grounds for relief available to him, stating the facts supporting each ground, and stating the relief requested. *Id*. Mr. Clark was advised that if he failed to do so by June 27, 2008, the Court would enter a report and recommendation that his petition be dismissed. *Id*.

On July 7, 2008, a letter from the Court Clerk to Petitioner (Dkt. # 2) was returned marked "returned to sender/unclaimed/unable to forward." (Dkt. # 7). On the same day, the Court's Order to Show Cause (Dkt. # 6) was returned marked "returned as unclaimed." (Dkt. # 8).

It has been more than sixty days since the Court's latest mailings to Petitioner were returned and the Court does not have a current address for the Petitioner. The Petitioner appears to have abandoned this action.

REPORT & RECOMMENDATION - 2

**DISCUSSION**

Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without an address for the Petitioner. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

**CONCLUSION**

The Court should dismiss this action as Petitioner has left no forwarding address and appears to have abandoned the case. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 10, 2008**, as noted in the caption.

DATED this  23rd  day of September, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT & RECOMMENDATION - 3